# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

Daniel L. Walker,	Case No. 3:17CV1826

    Plaintiff

    v.	**ORDER**

Management & Training Corporation, et al.,

    Defendants

    In May, 2017, plaintiff's counsel disclosed – in a submission in another, related case – that the plaintiff in this case, Daniel L. Walker, had died. (Doc. 10 at 7).

    Plaintiff's counsel did not file a suggestion of death or move to substitute Walker's estate. In view of that omission, defendants filed, in November, 2017, a suggestion of death. (Doc. 5). Still no motion to substitute was forthcoming.

    In February, 2018, defendants moved to dismiss plaintiff's complaint under Fed. R. Civ. P. 25(a), which provides that "the action by . . . the decedent must be dismissed" if no motion to substitute the property is "made within 90 days after service of a statement noting the death[.]" Plaintiff's counsel did not respond to the motion.

    During a status conference on June 4, 2018, I ordered plaintiff to respond to the motion by June 20, 2018. (Doc. 12 at 2). This deadline, too, came and went without a response.

    On review, I find the defendants' motion to dismiss well-taken. Because plaintiff initially failed to respond to the motion to dismiss, did not file a response by the deadline I imposed, and

has not requested an extension either of the time in which to file a motion to substitute or the court-imposed deadline, the dismissal will be with prejudice. *See Zanowick v. Baxter Healthcare Corp.*, 850 F.3d 1090, 1093–95 (9th Cir. 2017) (district courts have discretion to grant Rule 25 dismissals with or without prejudice); *accord Brown v. Voorhies*, 2012 WL 1081796, *3 (S.D. Ohio) (dismissing claims with prejudice where decedent's "estate has not been substituted as a party," and "[n]either [decedent's] representative nor any of the parties have moved for substitution").

It is, therefore,

ORDERED THAT:

1. Defendants' motion to dismiss (Doc. 10) be, and the same hereby is, granted; and
2. Plaintiff's complaint (Doc. 1) be, and the same hereby is, dismissed with prejudice.

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge